

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIENNE SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SENTRY CREDIT, INC.; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.: 17  0756<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ADRIENNE SMITH, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, SENTRY CREDIT, INC. (hereinafter "SENTRY CREDIT"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Philadelphia County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SENTRY CREDIT has a business location at 2809 Grand Avenue, Everett, Washington 98201.

8. Upon information and belief, Defendant SENTRY CREDIT is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. SENTRY CREDIT is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

All Pennsylvania consumers who were sent letters and/or notices from SENTRY CREDIT, concerning a debt owed to CITIZENS BANK and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein. The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. SENTRY CREDIT collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. SENTRY CREDIT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to February 15, 2016, Plaintiff allegedly incurred a financial obligation to CITIZENS BANK ("CITIZENS").

18. CITIZENS is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. The alleged CITIZENS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

20. On or before February 15, 2016, CITIZENS referred the CITIZENS obligation to SENTRY CREDIT for the purpose of collections.

21. At the time the CITIZENS obligation was assigned, placed, or transferred to SENTRY CREDIT, such obligation was in default.

22. SENTRY CREDIT, caused to be delivered to Plaintiff a letter dated February 15, 2016 concerning the alleged CITIZENS obligation, which sought a balance of $652.06. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

23. The February 15, 2016 letter was sent or caused to be sent by persons employed by SENTRY CREDIT as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. The February 15, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The February 15, 2016 letter provides the following information regarding the balance claimed due on the CITIZENS obligation:

Principal: $2314.88
Interest: $68.52
Other Costs: $101.01
Total Balance: $2484.41

26. The February 15, 2016 letter offered Plaintiff several settlement and repayment terms:

Option 1: Settle your account for a lump-sum payoff of $1,739.09. That is savings of 30% on your outstanding balance.

Option 2: Lower your payment amount and settle your account in three payments of $745.32. This option saves you $248.44 and further extends your settlement payment term to 3 months.

Option 3: Call today for flexible repayment terms.

27. In the event that Plaintiff accepted and completed the terms of Option 1, Plaintiff would receive a "savings" ranging from $575.70 to $745.32.

28. The February 15, 2016 letter stated in part:

- Citizens Bank is subject to certain IRS reporting requirements for debt forgiveness exceeding $600.0   When required, Citizens Bank will report debt forgiveness on form 1099C.

30. The February 15, 2016 letter also stated that:

- This is solely a filing requirement – Citizens Bank is not is a position to determine or advise you whether this will have any tax consequences. Please consult independent tax counsel of your own choosing if you desire advice about any tax consequence which may result from this settlement.

- Due to the age of your account the above creditor is not able to file suit against you but if you take specific action such as making a payment or making a written promise to pay, the time for filing suit will be reset.

31. The reporting requirements concerning the cancellation of debt are contained at 26 C.F.R. §1.6050P-1 et seq.

32. There are seven exceptions to the reporting requirements contained at 26 C.F.R. §1.6050P-1 et seq.:

(1) Certain bankruptcy discharges -

(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.

> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is into required to be reported under this section. For this purpose, a lending transaction is any transaction in which the lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).
>
> (4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions –
>
> (5) Acquisition of indebtedness by related party.
>
> (6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.
>
> (7) Guarantors and sureties.
>
> See 26 C.F.R. §1.6050P-1(d).

33. The February 15, 2016 letter fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable.

34. The February 15, 2016 letter's use of the word "may" fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable.

35. It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C.

36. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

37. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

38. The language contained in the February 15, 2016 letter could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the creditor, in all circumstances, must report forgiveness of debt on a Form 1099-C.

39. The language contained in the February 15, 2016 letter could be reasonably read to mean that the creditor will always report forgiveness of debt.

40. The least sophisticated consumer would understand the language contained in the February 15, 2016 letter to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

41. Although the Defendant had no duty to disclose any potential tax ramifications, when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

42. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

43. The least sophisticated consumer could understand the language in the February 15, 2016 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

44. Alternatively, the least sophisticated consumer could understand that he may have to pay a certain amount in order to avoid IRS reporting.

45. The least sophisticated consumer could also read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

46. The language in the February 15, 2016 letter is ambiguous, vague and deceptive.

47. A consumer reading the language in the February 15, 2016 letter will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because according to IRS regulations, the creditor "will not" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

48. The creditor should also specify what amount of the total alleged to be due is principal and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

49. The language contained in the February 15, 2016 letter is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

50. The language contained in the February 15, 2016 letter suggests to the least sophisticated consumer that paying less than the total amount claimed will cause consequences with the IRS.

## POLICIES AND PRACTICES COMPLAINED OF

51. It is SENTRY CREDIT's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and
>
> (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

52. On information and belief, SENTRY CREDIT has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of Pennsylvania.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant's February 15, 2016 letter would lead the least sophisticated consumer to believe that Defendant included language regarding a 1099-C because it was relevant.

56. Defendant's February 15, 2016 letter would lead the least sophisticated consumer to believe that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more.

57. Defendant's February 15, 2016 letter would lead the least sophisticated consumer to believe that it was in his or her interest to make a payment on the alleged obligation that brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

58. Defendant's letter was designed to cause the least sophisticated consumer to believe that it was in his or her best interest to make a payment or settle their debts so that there was less than a $600 balance remaining.

59. Defendant's collection letters were designed to cause the least sophisticated consumer to be confused.

60. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

61. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused as to the consequences of settling the debt.

62. The February 15, 2016 letter fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable thereby leading the lease sophisticated consumer to believe that there will be tax consequences for settling a debt for less than the total amount due.

63. The February 15, 2016 letter's use of the word "may" does not remove from the realm of possibility that the least sophisticated consumer would be deceived into thinking that

the Defendant must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute(s) and regulation(s).

64. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

65. Due to the lack of specificity in Defendant's February 15, 2016 letter, which mentions only the $600 threshold but not the others, Plaintiff and others similarly situated are led to believe that the action he or she takes with respect to the debt will trigger tax consequences or reporting requirements.

66. SENTRY CREDIT engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

67. SENTRY CREDIT engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

68. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

69. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

70. Plaintiff's settlement of the alleged debt, and Defendant's cancellation thereof, may not have been reportable under the relevant exceptions.

71. As there may not have been a reportable event under the settlement terms, Defendant's statement was false, misleading and/or deceptive.

72. The false, deceptive or misleading representations in Defendant's February 15, 2016 letter enticed Plaintiff and others similarly to make a payment on the alleged obligation that

brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

73. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e. See, Balon v. Enhanced Recovery Co. 2016 U.S. Dist. LEXIS 72142 (M.D. Pa. June 2, 2016); Velez v. Enhanced Recovery Company, LLC, 2016 U.S. Dist. Lexis 57832 (E.D. Pa. May 2, 2016) and Good v. Nationwide Credit, Inc., 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014).

74. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

75. The inclusion of the language in the collection letter is the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

76. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

77. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

78. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendant' description of "Other Costs" in the February 16, 2016 letter does not comply with the FDCPA, including but limited to 15 U.S.C. § 1692e et seq. and 15 U.S.C. § 1692g(a)(1).

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

84. Defendant's gratuitous IRS "advice" in its February 15, 2016 letter has the likelihood to affect the Plaintiff and others similarly situated.

85. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

86. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 8, 2017

_____
Ari Marcus, Esq.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_____
Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 8, 2017

_____
Ari Marcus, Esq.

# Exhibit

# A

**SENTRY CREDIT, INC.**
RECOVERY SPECIALISTS
2809 Grand Ave ♦ Everett, WA 98201

February 16, 2016
Telephone: 800-608-2581
sentrycredit.com
Our hours of operation are:
9am TO 6pm PST.

Citizens Bank

ACCOUNT #:        Ending in 6303
Agency Account #:  ▮▮▮▮▮▮
Current Interest Rate: 0.00%

Principal:        $2314.88
Interest:         $68.52
Other Costs:      $101.01
Total Balance:    $2484.41

You are hereby notified:

1. That the above account has been assigned to us for collection.
2. That the above entitled account is in default and your attention is needed to resolve this matter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Our client Citizens Bank is willing to offer you a settlement and repayment terms on your outstanding balance at this time. We would like to extend the following options to you for repaying your account balance:

**Option 1:** Settle your account for a lump-sum payoff of $1,739.09. That is savings of 30% on your outstanding account balance.

**Option 2:** Lower your payment amount and settle your account in three payments of $745.32. This option saves you $248.44 and further extends your settlement payment term to 3 months.

**Option 3:** Call today for flexible repayment terms.

Citizens Bank is subject to certain IRS reporting requirements for debt forgiveness exceeding $600. When required, Citizens Bank will report debt forgiveness on form 1099C.

This is solely a filing requirement - Citizens Bank is not in a position to determine or advise you whether this will have any tax consequences. Please consult independent tax counsel of your own choosing if you desire advice about any tax consequence which may result from this settlement.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

- - - - - - **NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION** - - - - - - -

***DETACH THIS PORTION AND RETURN WITH YOUR PAYMENT***

DEPT 988
PO BOX 4115
CONCORD CA 94524

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

RETURN SERVICE REQUESTED

ADRIENNE SMITH
▮▮▮▮▮▮▮▮▮▮▮▮

Regarding
Citizens Bank

| Account # | Balance | Amount Enclosed |
|---|---|---|
| ▮▮▮▮▮ | $2484.41 | $ |

Make Check Payable to:

SENTRY CREDIT, INC.
P.O. Box 12070
EVERETT, WA 98206-2070

## STATE SPECIFIC RIGHTS

For **CALIFORNIA** residents: The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission 1-877-FTC-HELP or www.ftc.gov.

Nonprofit credit counseling services may be available in the area.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

For **COLORADO** residents: Our physical in-state office is located at 13111 E. Briarwood Ave. #340, Centennial, CO 80112. The phone number is 303-309-3839.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt.

For **CONNECTICUT** residents: The following notice pertains to medical collections only.
Each hospital which holds or administers one or more hospital bed funds shall require its collection agents, in all bills and collection notices, to include a one-page summary describing the hospital bed fund and how to apply for such funds. The summary shall also describe any free or other reduced cost policies for the indigent and shall clearly distinguish hospital bed funds from other sources of financial assistance. The summary shall include notification that the patient is entitled to reapply upon rejection and that additional funds may be available on an annual basis. In addition, the collection agency must provide notice to the patient whether the hospital deems the patient an insured patient or an uninsured patient and the reasons for such determination.

For **MASSACHUSETTS** residents: NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

For **MINNESOTA** residents: This collection agency is licensed by the Minnesota Department of Commerce. If you feel that your concerns have not been addressed, please contact us and allow us the opportunity to try and address your concerns. Or, you have the option to address any concerns with the Minnesota Attorney General's Office, which can be reached at 651-296-3353 or 1-800-657-3787.

For **NEVADA** residents:
The following notice pertains to medical collections only.
If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by the consumer; and (2) a waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and (3) if the consumer does not understand or has questions concerning his/her legal rights or obligations relating to the debt, the debtor should seek legal advice.

For **NEW YORK** residents: New York City Department of Consumer Affairs License #1015434 City of Buffalo Department of Economic Development License #212087.

For **NORTH CAROLINA** residents: North Carolina Permit number 4518.

For **TENNESSEE** residents: Sentry Credit, Inc. is licensed by the collection service board of the department of commerce and insurance.

For **UTAH** residents: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**This communication is from a debt collector.**